UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Terry Brown, | ) |
|     Plaintiff, | ) Case No.: 1:19-cv-00969 |
| vs. | ) Judge Michael R. Barrett |
| Hamilton County, Ohio/Hamilton County Prosecutor's Office, *et al.*, | ) |
|     Defendants. | ) |

**ORDER**

    This matter is before the Court on the 67-page Report and Recommendation (R&R) filed by Magistrate Judge Karen L. Litkovitz on October 19, 2020. (Doc. 89). Plaintiff brings this pro se civil rights action against numerous Defendants under 42 U.S.C. § 1983 (alleging claims for violations of his First, Fourth, Fifth, and Fourteenth Amendment rights) and state law (under the Court's supplemental jurisdiction).

    Notice was given to the parties under 28 U.S.C. § 636(b)(1)(C), including notice that they would waive appeal if they failed to file objections to the R&R in a timely manner. *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Plaintiff timely filed objections (52 pages in length) on October 27, 2020. (Doc. 90). Defendants responded to Plaintiff's objections on November 10, 2020. (Docs. 91–94, 96–98). Plaintiff also filed replies to Defendants' responses. (*See* Docs. 95, 99–104).[1] This Order addresses some, but not all, of the recommendations made by the Magistrate Judge as to the 13 motions pending on the docket.

---

[1] Replies are not permitted under the magistrate judge statute or the civil rules and the Court is under no obligation to consider them as part of its de novo review.

1

## I. STANDARD OF REVIEW

With respect to dispositive matters, and when the Court receives timely objections to an R&R, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* The Court has engaged in a de novo review, which is set forth below.

## II. ANALYSIS

The Court notes that Plaintiff has lodged five across-the-board objections to the R&R, claiming that Magistrate Judge Litkovitz erred because: 1) the R&R "excluded the weight of the evidence Plaintiff admitted in this case"; 2) the R&R "is in direct conflict with other State/Federal District/Supreme Courts cases"; 3) the R&R did not follow "case law that is mandated for lower courts to follow, that Plaintiff cited in this case"; 4) she acted "as an advocate for Defendants rather than trier of fact/judge which gives a bias and prejudice affect against Plaintiff"; and she "allowed Defendants [not] to answer Plaintiff's complaint *(that led Plaintiff to have Defendants to answer "Admit & Deny' with attached affidavit based on Plaintiff's actual claims in the complaint)* before rendering an accurate report/recommendation before the District Judge." (Doc. 90 PAGEID 1013–14 (italics in original)). These general objections are nothing more than mere disagreements with the R&R and, as such, will be disregarded. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (explaining that general disagreements with the Magistrate Judge fall short of a plaintiff's obligation to make specific objections to an R&R); *see also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An

'objection' that does nothing more than state a disagreement with a magistrate [judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

The Court addresses below Plaintiff's objections to the motions specified.

### A. Rule 12(b)(6) Motions to Dismiss

#### 1. Judge Dinkelacker[2]

Defendant Patrick T. Dinkelacker moves to dismiss Plaintiff's Complaint against him for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6).[3] It is undisputed that Judge Dinkelacker, a (now former) judge in the Hamilton County Court of Common Pleas, was the presiding judge over the criminal case unsuccessfully prosecuted against Plaintiff.[4]

The Magistrate Judge recommends that Plaintiff's claims for damages against Judge Dinkelacker in his individual capacity—brought pursuant to 42 U.S.C. § 1983—be dismissed because he is entitled to absolute immunity. The Magistrate Judge further recommends that Plaintiff's claims for declaratory relief seeking to hold Judge Dinkelacker liable under § 1983 in his official capacity also be dismissed because they are barred by the Eleventh Amendment. Finally, the Magistrate Judge additionally recommends that the state law claims[5] brought by Plaintiff against Judge Dinkelacker be dismissed for failure to state a claim. (Doc. 89 PAGEID 954–58).

---

[2] (*See* Docs. 21, 33, 40).

[3] Judge Dinkelacker's motion is also brought pursuant to Fed. R. Civ. P. 12(b)(1), lack of subject-matter jurisdiction, but the Magistrate Judge found that it was not necessary to review the motion under that provision of Rule 12. (*See* Doc. 89 PAGEID 954 n.4).

[4] *State of Ohio v. Terry Brown*, B1602390.

[5] Plaintiff does not object to the Magistrate Judge's recommendation as to his state law claims.

**Judicial immunity.** "It is a well-entrenched principle in our system of jurisprudence that judges are generally absolutely immune from civil suits for money damages." *Bright v. Gallia Cty., Ohio*, 753 F.3d 639, 648 (6th Cir. 2014) (quotations and citations omitted). "The passage of 42 U.S.C. § 1983 did nothing to change this ancient understanding." *Id.* at 648–49 (citations omitted). "Judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citations omitted). Immunity is overcome "in only two sets of circumstances." *Id*. First, "a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity," and, second, "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id*. at 11–12 (citations omitted). As to the first circumstance,

> [w]e employ a functional analysis to decide whether [the presiding judge] acted in a nonjudicial capacity, "meaning that [we] must determine whether the actions are truly judicial acts or 'acts that simply happen to have been done by judges.'" In doing so, we focus on "the nature of the act itself, i.e., whether it is a function normally performed by a judge," and "the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Finally, "[t]he application of judicial immunity is simple and non-controversial when applied to '**paradigmatic judicial acts**,' or . . . acts involved in resolving disputes between parties who have invoked the jurisdiction of the court.

*Cooper v. Rapp*, 702 F. App'x 328, 332 (6th Cir. 2017) (citations omitted) (emphasis added). As to the second circumstance, "[t]he Supreme Court has held that the term 'jurisdiction' is to be broadly construed to effectuate the purposes of judicial immunity." *Brookings v. Clunk*, 389 F.3d 614, 623 (6th Cir. 2004) (citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)). "As such, a judge acts in the clear absence of all jurisdiction 'only

4

when the matter upon which he acts is clearly outside the subject matter of the court over which he presides.'" *Id*. (quoting *Johnson v. Turner*, 125 F.3d 324, 334 (6th Cir. 1997)).

The Magistrate Judge reasoned that neither exception to absolute immunity applies. As to the first circumstance, the Magistrate Judge determined that each of the alleged actions about which Plaintiff complains occurred in the context of the criminal case brought against him. (Doc. 89 PAGEID 955–56). "Each of these acts is a '"function normally performed by a judge"' and in each instance, plaintiff and the other parties to the proceedings '"dealt with [Judge Dinkelacker] in his judicial capacity."'" (*Id*. PAGEID 956 (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1116 (6th Cir. 1997) (quoting *Mireles*, 502 U.S. at 12))). The Magistrate Judge further determined that Plaintiff's claims that Judge Dinkelacker's alleged actions "lacked a proper legal basis, were motivated by race discrimination, or had the purpose of harassing" Plaintiff were "insufficient" to show that he acted in a nonjudicial capacity. (*Id*. PAGEID 957 (citing *Cooper*, 702 F. App'x at 332 (quoting *Stump*, 435 U.S. at 356–57))). As to the second circumstance, the Magistrate Judge noted, "Plaintiff has not plausibly alleged that Judge Dinkelacker acted in the 'complete absence of all jurisdiction,' and neither could [P]laintiff make a plausible claim to that effect." (*Id*. PAGEID 956–57 (citing *Cooper*, 702 F. App'x at 332 (citing *Mireles*, 502 U.S. at 11–12; *Stump*, 435 U.S. at 356–57))).

In his objections, Plaintiff reprises his race discrimination arguments and cites the same cases that the Magistrate Judge correctly distinguished. Under *Aldrich*, this objection fails.[6]

---

[6] To be sure, this objection likewise fails on the merits. In *Cooper*, the named plaintiff in a putative class-action and his African-American attorney filed suit (in federal court) against the state-court judge who granted summary judgment in favor of defendants and imposed sanctions against plaintiff and his attorney. *Cooper*, 702 F. App'x at 329–30. They alleged that the state-court judge's decisions were

5

In his objections, and for the very first time, Plaintiff challenges Judge Dinkelacker's jurisdiction. It is inappropriate to raise a new argument for the first time in objections to a magistrate judge's report and recommendation. *See Pauley v. Berryhill*, No. 3:16-cv-31, 2017 WL 1093283, at *3 (S.D. Ohio Mar. 23, 2017) (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate [judge].")). Plaintiff's failure to raise this argument in opposition to Judge Dinkelacker's motion to dismiss constitutes waiver. *See, e.g., Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996) (collecting cases). Regardless, this objection fails on the merits. Judge Dinkelacker clearly had subject-matter jurisdiction over Plaintiff and his underlying criminal case. *See* Ohio Rev. Code § 2931.03 ("The court of common pleas has original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas."). The testimony of Defendants Matthew Martin and McKinley Brown, which Plaintiff identifies as relevant to this point, is not properly before the Court on a motion to dismiss. Even if it were, however, it would not change the result. The circumstance Plaintiff appears to allege is an *excess* of jurisdiction, rather than a lack thereof. Immunity still attaches to a

---

"racially motivated" and that his "prejudice as a Caucasian is part of the systemic racial bias in Ohio's court system[.]" *Id*. at 330. The Sixth Circuit found no error in the district court's judicial-immunity finding, because "the *function* of Judge Rapp's conduct must be the primary consideration—not the conduct itself." *Id*. at 332–333 (emphasis in original) (citing *Mann v. Conlin*, 22 F.3d 100, 102–04 (6th Cir. 1994)). "Even assuming that Judge Rapp's facial expressions and body language indicated that he was racially biased (as opposed to simply an indication of his disagreement with Moses's arguments), **our conclusion remains the same**." *Id*. at 332 (emphasis added).

judge who acts in excess of his jurisdiction. *Stump*, 435 U.S. at 356–57 n.7 ("[I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.") (citing *Bradley v. Fischer*, 80 U.S. (13 Wall.) 335, 352 (1872)); *see DePiero v. City of Macedonia*, 180 F.3d 770, 784–85 (6th Cir. 1999).

Plaintiff's objections—to the Magistrate Judge's conclusion that Judge Dinkelacker is entitled to absolute immunity from suit on Plaintiff's claims for damages against him individually under 42 U.S.C. § 1983—are, accordingly, **OVERRULED**.

**Eleventh amendment.** Plaintiff appears not to contest the Magistrate Judge's finding that Judge Dinkelacker was an agent of the Hamilton County Court of Common Pleas, which is an arm of the State of Ohio for purposes of the Eleventh Amendment. As such, Plaintiff's claims against Judge Dinkelacker in his official capacity are barred by the Eleventh Amendment.[7]

### 2. Judge Winkler[8]

Like Judge Dinkelacker, Defendant Robert Winkler moves to dismiss Plaintiff's Complaint against him for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6).[9]

---

[7] Indeed, Plaintiff appears to concede this point. (Doc. 90 PAGEID 1016–17 ("*A Plaintiff, however may sue state officials for monetary damages in their individual capacities under § § 1983 without running afoul of the Eleventh Amendment.*" (italics in original) (citing *Hafer v. Melo*, 502 U.S. 21 (1991))).

[8] (*See* Docs. 24, 30, 39).

[9] Judge Winkler's motion, like Judge Dinkelacker's, is also brought pursuant to Fed. R. Civ. P. 12(b)(1), lack of subject-matter jurisdiction, and the Magistrate Judge correspondingly found that it was not necessary to review the motion under that provision of Rule 12. (*See* Doc. 89 PAGEID 959 n.6).

It is undisputed that Judge Winkler, a (now former) judge in the Hamilton County Court of Common Pleas, was the original presiding judge over the criminal case unsuccessfully prosecuted against Plaintiff.

The Magistrate Judge recommends that all claims against Judge Winkler be dismissed for the same reasons cited as to Judge Dinkelacker. Judge Winkler is entitled to absolute judicial immunity because each of the alleged actions about which Plaintiff complains occurred in the context of the criminal case brought against him and because Judge Winkler was acting within the scope of his jurisdiction at all relevant times. (Doc. 89 PAGEID 959–60). Further, Judge Winkler was an agent of the Hamilton County Court of Common Pleas—which is an arm of the State of Ohio for purposes of the Eleventh Amendment—such that Plaintiff's claims against Judge Winkler in his official capacity are barred by the Eleventh Amendment. Finally, the state law claims brought by Plaintiff against Judge Winkler fail to state a claim.

Plaintiff's objections parallel those overruled as to Judge Dinkelacker. Plaintiff's current challenge to Judge Winkler's jurisdiction is waived and, as just discussed, otherwise fails on the merits. And his repeated claims of racism are nothing more than a rehash of his response in opposition to Judge Winkler's motion to dismiss and, therefore, insufficient under *Aldrich*. Plaintiff's objections—to the Magistrate Judge's conclusion that Judge Winkler is entitled to absolute immunity from suit on Plaintiff's claims for damages against him individually under 42 U.S.C. § 1983—are **OVERRULED**.

As with Judge Dinkelacker, Plaintiff appears not to contest the Magistrate Judge's finding that Judge Winkler was an agent of the Hamilton County Court of Common Pleas,

which is an arm of the State of Ohio for purposes of the Eleventh Amendment. As such, Plaintiff's claims against Judge Winkler in his official capacity are similarly barred by the Eleventh Amendment.[10]

### 3. City of Cincinnati and Cincinnati Police Officers Martin, Drexelius, and Lieutenant Fern (City Defendants)[11]

The Court will defer ruling on the Rule 12(b)(6) motion filed by the City Defendants until a later date.

### B. Rule 12(c) Motions for Judgment on the Pleadings

### 1. James Brogan, McKinley Brown, Joseph Deters, Greater Cincinnati Fusion Center/Homeland Security, Hamilton County, Ohio/Hamilton County Prosecutor's Office, Katherine Pridemore, and Seth Tieger (County Defendants)[12]

The Court will defer ruling on the Rule 12(c) motion filed by the County Defendants until a later date.

### 2. Court Clinic/Central Clinic and Carla Dreyer[13]

Defendants Court Clinic/Central Clinic and Carla Dreyer move for judgment on the pleadings under Fed. R. Civ. P. 12(c). The Magistrate Judge recommends that Court Clinic and Dr. Dreyer be dismissed because Plaintiff fails to state a claim of either negligent/intentional infliction of emotional distress or false imprisonment/false arrest against them.

---

[10] Again, Plaintiff appears to concede this point. (Doc. 90 PAGEID 1019 ("*A Plaintiff, however may sue state officials for monetary damages in their individual capacities under § § 1983 without running afoul of the Eleventh Amendment.*" (italics in original) (citing *Hafer v. Melo*, 502 U.S. 21 (1991))).
.
[11] (*See* Docs. 34, 41, 41–46 & Exhs. C1–C4, D–F2, 55).

[12] (*See* Docs. 47, 66, 74).

[13] (*See* Docs. 57, 59, 63, 69).

9

The tort of *negligent* infliction of emotional distress "is generally asserted by a bystander because []he witnessed another person in danger and the defendant was unaware of the presence of the bystander." *David v. Matter*, 96 N.E.3d 1012, at ¶ 14 (Ohio Ct. App. 6th Dist. 2017). In contrast, the tort of *intentional* infliction of emotional distress is generally "asserted by the victim of the defendant's conduct, not a bystander." *Id*. at ¶ 16. Because Plaintiff fails to allege "danger to another," the Magistrate Judge concludes that he fails to state a claim of negligent infliction of emotional distress. (Doc. 89 PAGEID 985 (citing *Stout v. United States*, 721 F. App'x 462, 473 (6th Cir. 2018) (citing *David*, 96 N.E.3d 1012, at ¶ 14))). As for intentional infliction of emotional distress, the Magistrate Judge concludes that the allegations do not support a finding that Dr. Dreyer's conduct—that is, submitting a court-ordered report after seeing Plaintiff in the sally port of the Hamilton County Justice Center (HCJC) but not returning later as promised to complete her evaluation—or Court Clinic's "evaluation process"—that is, Dr. Hillman's refusal to audio/video record her evaluation of Plaintiff at Summit Behavioral Healthcare Hospital—was extreme, outrageous or beyond all bounds of decency as required under Ohio law. (*Id.* (citing *Talley v. Family Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1110 (6th Cir. 2008))).

Dr. Dreyer saw Plaintiff at the HCJC in May 2016 and submitted her report to Judge Winkler in June 2016. Dr. Hillman saw Plaintiff at Summit in July 2016. Because Plaintiff did not file his Complaint until November 2019—more than three years later—the Magistrate Judge concludes that his action for false imprisonment/false arrest is barred by the one-year statute of limitations. (*Id.* (citing Ohio Rev. Code § 2305.11 & *Mayes v. City of Columbus*, 664 N.E.2d 1340, 1352 (Ohio App. 10th Dist. 1995))). The Magistrate

Judge further concludes that any constitutional claims alleged against Court Clinic and Dr. Dreyer, as purported state actors,[14] are likewise time-barred by the two-year statute of limitations that governs § 1983 claims in Ohio. (*Id.* PAGEID 986).

Plaintiff does not object to the Magistrate Judge's conclusion that, on the merits, his allegations fail to state a claim of relief as to both negligent infliction of emotional distress and intentional infliction of emotional distress. Under *Walters*, then, this issue is waived and these claims are properly dismissed against Court Clinic and Dr. Dreyer.

Plaintiff does object to the dismissals that the Magistrate Judge recommends based on the applicable statutes of limitations, arguing that the tolling provision set forth in Ohio Rev. Code § 2305.16 applies. As Defendants Court Clinic and Dr. Dreyer point out, it is unclear whether Plaintiff concedes that he was of "unsound mind" while at Summit or whether he is arguing that his confinement at Summit triggered the tolling provision. (*See* Doc. 91 PAGEID 1061). Regardless, Plaintiff states in his Complaint that he "was competent/released [ ] from Summit on May 30, 2017." (Doc. 1 (¶ 52)). This date is more than two years before he filed his Complaint in November 2019. Thus, his claim for false imprisonment/false arrest and any putative constitutional claims brought under § 1983 are clearly time-barred. Plaintiff's objections are, accordingly, **OVERRULED**.

---

[14] Because any constitutional claims are time-barred, the Magistrate Judge did not address whether Court Clinic and Dr. Dreyer are state actors subject to suit. (Doc. 89 PAGEID 986).

3. **<u>Summit Behavioral Healthcare Hospital, Elizabeth Banks, and Dr. Adelaida Fernandez (Summit Defendants)</u>**[15]

Defendants Summit Behavioral Healthcare Hospital (SBHH), Elizabeth Banks (as Director), and Dr. Adelaida Fernandez move for judgment on the pleadings under Fed. R. Civ. P. 12(c).[16] The Magistrate Judge recommends that all claims against the Summit Defendants be dismissed.

Plaintiff's allegation that Defendant Banks refused to release him outright or transfer him to another unit within SBHH fails to state a plausible claim for violation of his federal or state rights according to the Magistrate Judge. Further, Banks, as Director, cannot be held vicariously liable for the acts of SBHH employees under her supervision. (Doc. 89 PAGEID 990 (citing *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006)). Plaintiff's allegation that Dr. Fernandez's testimony in his criminal proceedings and the request for a court order to involuntarily medicate him while at SBHH fails to state a claim under the Fifth Amendment according to the Magistrate Judge. Moreover, Dr. Fernandez is absolutely immune from liability for testimony given during his criminal trial. (*Id.* PAGEID 991 (citing *Briscoe v. LaHue*, 460 U.S. 325 (1983))). The Magistrate Judge explains that Plaintiff's § 1983 claims are also barred by the applicable two-year statute of limitations. (*Id.* (citing Ohio Rev. Code § 2305.10 & *Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989))). Plaintiff was released from SBHH on May 30, 2017 and thus had until May 30, 2019 to file suit. However, as noted in the previous section discussing Court

---

[15] (*See* Docs. 68, 78, 84).

[16] The introductory paragraph of the Summit Defendants' motion references Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (*See* Doc. 68 PAGEID 750). However, the caption and the standard of review discussed in the motion make clear that it is brought pursuant to Fed. R. Civ. P. 12(c). (*See id.* & PAGEID 752–53).

Clinic and Dr. Dreyer's Rule 12(c) motion, Plaintiff did not file suit until November 2019. Plaintiff's allegations the Dr. Fernandez declared him mentally ill, attempted to force him to confess to a crime he did not commit, and failed to comply with Ohio statutory deadlines fail to state a plausible claim for negligent or intentional infliction of emotional distress according to the Magistrate Judge. Again, as noted in the previous section discussing Court Clinic and Dr. Dreyer's Rule 12(c) motion, Plaintiff fails to allege "danger to another" to support a claim of negligent infliction of emotional distress. As for intentional infliction of emotional distress, the Magistrate Judge explains that Plaintiff cites to Ohio Rev. Code §§ 5122.10 and 5122.11 in his memorandum in opposition to the Summit Defendants' Rule 12(c) motion, but those statutes were not referenced in the Complaint. In addition, those statutes are inapplicable to Plaintiff's false imprisonment claim because he was committed to SBHH to restore competency pursuant to Ohio Rev. Code § 2945.38 and not on an emergency hospitalization basis under Ohio Rev. Code § 5122.10. And, to the extent Plaintiff seeks to hold the Summit Defendants liable for false imprisonment under state law, as discussed vis-à-vis Court Clinic and Dr. Dreyer's Rule 12(c) motion, the Magistrate Judge concludes that his claim is time-barred under the one-year statute of limitations. *See* Ohio Rev. Code 2305.11. Finally, as a state agency, SBHH has sovereign immunity from suit under the Eleventh Amendment. (Doc. 89 PAGEID 993 (citing *Demmons v. Summit Behavioral Healthcare*, No. 1:19-cv-882, 2019 WL 7040425, at *2 (S.D. Ohio Dec. 3, 2019), *report and recommendation adopted*, 2019 WL 7020385 (S.D. Ohio Dec. 20, 2019))). Suits against SBHH and SBHH employees in their official capacity for money damages are therefore barred according to the Magistrate Judge. (*Id.*

13

(citing *Arbino v. State of Ohio*, No. 1:12-cv-203, 2012 WL 1756856, at *2 (S.D. Ohio Apr. 2, 2012))).

In his objections, Plaintiff states, without citation to any authority, "the issue of [Summit] as a facility of the State of Ohio and/or can't be sued in federal court that's debatable." (Doc. 90 PAGEID 1042). However, the United States Constitution and interpreting case law make clear that the issue is *not* debatable. While it is true that state actors can be sued in their individual capacities for money damages, *see Hafer v. Melo*, 502 U.S. 21 (1991),[17] it is still necessary that the allegations made state a claim upon which relief can be granted. The Magistrate Judge correctly determined that Plaintiff's federal and state claims are time-barred[18] and, accordingly, merit dismissal.[19]

In addition, Plaintiff's objections completely ignore the fact that violations of Ohio Rev. Code §§ 5122.10 and 5122.11 are not alleged in his Complaint. *See, e.g., Hill v. Ohio State Univ. T & L*, No. 2:12-cv-984, 2013 WL 2295881, at *3 (S.D. Ohio May 24, 2013) ("Because none of these allegations are in the [ ] Complaint, the Court cannot

---

[17] *See supra* notes 7, 10.

[18] Plaintiff cites *O'Connor v. Donaldson*, 422 U.S. 563 (1975), for the proposition that state actors can be sued under § 1983 in their individual capacities for improperly confining a mental patient. *O'Connor* did not involve a statute of limitations issue, though, and is thus irrelevant to the discussion.

[19] The Magistrate Judge clearly explains why Ohio Rev. Code 2305.16, the tolling statute, would not impact the statute of limitations on Plaintiff's § 1983 claims against any defendant, including the Summit Defendants. (Doc. 89 PAGEID 992 n.10). As noted with regard to the Rule 12(c) motion filed by Court Clinic and Dr. Dreyer, Plaintiff acknowledges in his Complaint that he was declared competent when released from SBHH on May 30, 2017. (*See* Doc. 1 (¶ 52)). He further alleges that he was subsequently committed to a second psychiatric hospital, Twin Valley Behavioral Healthcare, but was declared competent on September 21, 2017. (*Id.* (¶¶ 56–58)). This latter date is still more than two years before he filed his Complaint in November 2019. Whether Court Clinic thereafter conducted "mental evaluations weekly" as Plaintiff alleges (*see id.* (¶ 59) did not render him adjudicated as having an "unsound mind."

consider them as informing the motion to dismiss."). They likewise ignore the fact that he was committed under Ohio Rev. Code § 2945.38, not Ohio Rev. Code § 5122.10.

Presumably in response to the Magistrate Judge's determination that Dr. Fernandez[20] is entitled to absolute immunity, Plaintiff cites *State v. Harris*, 142 Ohio St. 3d 211, 28 N.E.2d 1256 (Ohio 2015) for the proposition that "*R.C. 2945.371(J) bars the use of a defendant's statements made in an evaluation or hearing on the issue of his or her guilt and that the law provides the Fifth Amendment protection in the U.S. Constitution.*" (Doc. 90 PAGEID 1044 (italics and underscore in original)). Plaintiff cited *Harris* and claimed for the first time that the Summit Defendants violated Ohio Rev. Code § 2945.371(J) in his memorandum in opposition to their Rule 12(c) motion. (*See* Doc. 78 PAGEID 850). Thus, it is too late for *Harris* to now inform the Court's analysis. *Hill*, *supra*, 2013 WL 2295881, at *3. Besides, *Harris* is inapposite. Ohio Rev. Code § 2945.371(K)[21] has nothing to do with common-law witness immunity, but instead, as the *Harris* court explains, codifies a rule of evidence applicable in criminal prosecutions that protects state

---

[20] Plaintiff refers to "Summit Defendant <u>Renata Walsh</u>". (Doc. 90 PAGEID 1045). Renata Walsh, however, is not named as a defendant in the Complaint.

[21] Ohio Rev. Code § 2945.371 was amended effective August 3, 2021. The language that appeared in division (J) now appears in division (K). *See* 2021 Ohio Laws File 10 (Sub. S.B. 2). It reads:

> No statement that a defendant makes in an evaluation or hearing under divisions (A) to (I) of this section relating to the defendant's competence to stand trial or to the defendant's mental condition at the time of the offense charged shall be used against the defendant on the issue of guilt in any criminal action or proceeding, but, in a criminal action or proceeding, the prosecutor or defense counsel may call as a witness any person who evaluated the defendant or prepared a report pursuant to a referral under this section. Neither the appointment nor the testimony of an examiner appointed under this section precludes the prosecutor or defense counsel from calling other witnesses or presenting other evidence on competency or insanity issues.

Ohio Rev. Code § 2945.371(K).

and federal constitutional guarantees.[22]  A violation may result in the grant of a new trial *in the event of conviction* unless the error that results from admission of the testimony is harmless.  *Harris*, 28 N.E.2d 1256, at ¶¶ 30–44.  But it does not allow the convicted person—or an acquitted defendant—to file a civil suit against the psychiatrist or psychologist who testified.

For all these reasons, Plaintiff's objections—to the Magistrate Judge's conclusion that all claims against the Summit Defendants should be dismissed—are **OVERRULED**.

### 4. Jerome Stineman[23] (including related Motions to Strike[24])

Defendant Jerome Stineman moves for judgment on the pleadings under Fed. R. Civ. P. 12(c).  Defendant Stineman is a private attorney who served as Plaintiff's court-appointed defense attorney for approximately one month after his May 3, 2016 arrest.  The Magistrate Judge recommends that Plaintiff's constitutional claims against Defendant Stineman be dismissed because a private attorney is not a state actor who can be sued under § 1983.  (Doc. 89 PAGEID 996 (citing *Floyd v. County of Kent*, 454 F. App'x 493, 497 (6th Cir. 2012); *Dunning v. Yuetter*, 12 F. App'x 282, 284 (6th Cir. 2001))).  The Magistrate Judge further recommends that the state law claims that Plaintiff brings

---

[22] The *Harris* court held "that when a defendant asserts a mental-capacity defense or defenses, causing the court to order a psychiatric evaluation, but then wholly abandons that defense or defenses, a psychologist's testimony regarding the defendant's feigning of mental illness during the evaluation is inadmissible in the state's case-in-chief pursuant to R.C. 2945.371(J). We further hold that the admission of a psychologist's testimony opining on the defendant's feigning of mental illness under these circumstances violates the defendant's right against self-incrimination guaranteed by Article I, Section 10 of the Ohio Constitution and the Fifth Amendment to the United States Constitution and that the violation was not harmless error."  28 N.E.3d 1256, at *¶ 45.

[23] (*See* Docs. 72, 77, 80).

[24] (*See* Docs. 81, 82, 83).

against "defendants"—unspecified—fail to state a claim against Defendant Stineman as a matter of law.

Plaintiff's objections do not reference the Magistrate Judge's finding as to the state law claims and fail to address the dispositive case law relied upon by the Magistrate Judge as to the constitutional claims. Accordingly, Plaintiff has waived any challenge to a dismissal of his state law claims against Defendant Stineman and his objections—to the Magistrate Judge's conclusion the Defendant Stineman is not subject to suit under 42 U.S.C. § 1983—are **OVERRULED**.

Defendant Stineman moves to strike portions of Plaintiff's memorandum in opposition to his Rule 12(c) motion and, in turn Plaintiff moves to strike Defendant Stineman's Rule 12(c) motion. The Magistrate Judge concluded that the "extraneous materials" that Defendant Stineman seeks to strike are not properly before the Court and, therefore, did not consider them as part of her analysis. (Doc. 89 PAGEID 994–95).[25] In his objections, Plaintiff explains why he filed his motion to strike, but does not otherwise argue that the Magistrate Judge's decision—as to this nondispositive matter—is clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a).

### C. Plaintiff's Motion for Preliminary Injunction[26]

The Court will defer ruling on Plaintiff's Motion for Preliminary Injunction until a later date**.**

---

[25] Specifically, the Magistrate Judge concluded that Plaintiff's exhibits are "not material" to the claims against Defendant Stineman and his requests for admission, under Fed. R. Civ. P. 5(d)(1), are "not properly filed" with the Court. (Doc. 89 PAGEID 994).

[26] (*See* Docs. 75, 76, 79, 85).

### D. Plaintiff's Motions for Sanctions[27]

The Court will defer ruling on Plaintiff's Motions for Sanctions until a later date.

### E. Plaintiff's Motion for Default Judgment[28]

Plaintiff moves for default judgment[29] against Defendants (now former) Hamilton County Sheriff Jim Neil and Hamilton County Sheriff's Office because they "refuse[d]" service (by certified mail) of the summons and complaint in this case and because they were not included among the "County Defendants" who filed a Rule 12(c) motion. The County Defendants respond that Plaintiff did not properly serve Defendants Neil and Hamilton County Sheriff's Office as required under Fed. R. Civ. P. 4(e).

The Magistrate Judge recommends not only that Plaintiff's motion be denied, but also, on her own motion, that Defendants Neil and Hamilton County Sheriff's Office be dismissed for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6).[30] As noted by the Magistrate Judge, the allegation pled against Defendant Neil could only imply supervisory liability, which—without additional facts alleging that he "encouraged or condoned" a constitutional violation—is proscribed under § 1983. (Doc. 89 PAGEID 1001–02 (citing *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006) (supervisory "liability must lie upon more than a mere right to control"))).[31] Also, Plaintiff

---

[27] (*See* Docs. 49–52, 56, 60, 64, 67).

[28] (*See* Docs. 54, 65, 71).

[29] As discussed, Plaintiff is not entitled to default judgment against Defendants Neil and Hamilton County Sheriff's Office. As a general matter, however, a default *judgment* under Rule 55(b)(2) cannot be entered by the Court until the Clerk first enters *default* against the party or parties who have failed to plead or otherwise defend. *See* Fed. R. Civ. P. 55(a).

[30] The Magistrate Judge's recommendation assumes, but does not decide, that service was proper. (Doc. 89 PAGEID 1001).

[31] The Magistrate Judge also found that no facts have been pled which would plausibly suggest that Defendant Neil could be held liable under any state law theory. (Doc. 89 PAGEID 1002).

cannot bring a claim against the Hamilton County Sheriff's Department, because a county sheriff's office is not a legal entity capable of being sued under Ohio law. (*Id*. PAGEID 1002 (citing, *inter alia*, *Petty v. Cty. of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007))).

Plaintiff's objections do not address the legal authority cited by the Magistrate Judge, but instead reiterate arguments he already made. Under *Aldrich*, then, they fail. Plaintiff's objections—to the Magistrate Judge's conclusion that default judgment should not be granted against Defendants Neil and Hamilton County Sheriff's Office—are **OVERRULED**.

### III. CONCLUSION

Based on the foregoing and after a de novo review, the Court **OVERRULES** Plaintiff's objections (Doc. 90) and **ACCEPTS** and **ADOPTS** the Magistrate Judge's October 19, 2020 R&R (Doc. 89) as to the following motions. Accordingly:

1. The motions to dismiss under Fed. R. Civ. P. 12(b)(6) filed by Defendants Patrick T. Dinkelacker (Doc. 21) and Robert Winkler (Doc. 24) are **GRANTED**. The motion to dismiss filed by Defendants City of Cincinnati and Cincinnati police officers Matthew Martin, Mike Drexelius, and Lieutenant Michael Fern (City Defendants) (Doc. 34) **REMAINS PENDING**.

2. The motions for judgment on the pleadings under Fed. R. Civ. P. 12(c) filed by Court Clinic/Central Clinic and Carla Dreyer (Doc. 57), Summit Behavioral Healthcare Hospital, Elizabeth Banks, and Dr. Adelaida Fernandez (Summit Defendants) (Doc. 68), and Jerome Stineman (Doc. 72) are **GRANTED**. The motion for judgment on the pleadings filed by Defendants James Bogan, McKinley Brown, Joseph Deters, Greater Cincinnati Fusion Center/Homeland

Security, Hamilton County, Ohio/Hamilton County Prosecutor's Office, Katherine Pridemore, and Seth Tieger (County Defendants) (Doc. 47) **REMAINS PENDING**.

3. Defendant Stineman's motion to strike Plaintiff's response to his motion for judgment on the pleadings (Doc. 81) and Plaintiff's motion to strike Stineman's motion to strike (Doc. 82) are **DENIED as moot**.

4. Plaintiff's motion for preliminary injunction (Doc. 75) **REMAINS PENDING**.

5. Plaintiff's motions for sanctions against the County Defendants (Doc. 49) and the City Defendants (Doc. 51) **REMAIN PENDING**.

6. Plaintiff's motion for default judgment against Defendants Hamilton County Sheriff Jim Neil and Hamilton County Sheriff's Office (Doc. 54) is **DENIED**. Additionally, on its own motion, the Court **DISMISSES** any and all claims against these two Defendants for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

/s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court